## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GWENDOLYN MCKINSEY, on behalf )
of herself and others similarly situated )
          Plaintiffs, )
                                               )        **COMPLAINT AND JURY DEMAND**
        v. )
                                             )
NEW DAY HOME CARE, INC., )
CREATIVE LIVING COMMUNITY )
CARE, LLC, CLEMENT POWNALL, )        **SEPTEMBER 24, 2021**
AND GRACE POWNALL )
          Defendants.

## CLASS ACTION COMPLAINT

I.    **PRELIMINARY STATEMENT**

1.    Employers must pay their employees one and one-half times their regular rate when they work more than forty (40) hours in a work week.  Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA");   Connecticut Wage Act, Conn. Gen. Stat. §§ 31-68, et seq.  ("CWA").

2.    Companies cannot avoid liability for overtime wages by dividing their hours among different business entities if they are sufficiently associated with respect to their employees such that they are joint employers.  29 C.F.R. § 791.2.

3.    Here, the defendants, New Day Home Care, Inc. ("New Day") and Creative Living Community Care, LLC ("Creative Living") are two closely associated companies owned by the same married couple - Defendants Clement and Grace Pownall. They required Gwendolyn McKinsey and their other home health care workers to work more than forty (40) hours per week but did not pay them an overtime rate for those hours.

1

4.      As a result, all four Defendants retained hundreds of thousands of dollars in wages what was due to Plaintiff and the putative class.

## II.    JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

6.      This Court has jurisdiction over Plaintiff's Connecticut Minimum Wage Act claims pursuant to 28 U.S.C. § 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

7.      Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to the claims in this complaint took place in this district.

## III.   LEGAL PRINCIPLES

8.      Employers are liable to their employees for overtime at a rate of one and one-half times their regular rate when they work more than forty (40) hours in a work week.  Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); Connecticut Wage Act, Conn. Gen. Stat. §§ 31-68; 31-76c.  ("CMWA").

9.      Under the FLSA  "'Employer' includes any person[1] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

10.     Under the CMWA "'Employer' means any owner or any person, … corporation, limited liability company or association of persons acting directly as, or on behalf of, or in the interest of an employer in relation to employees…"  Conn. Gen. Stat. § 31-58(d).

---

[1]      The FLSA defines "person" to include corporations and other business entities.  29 U.S.C. § 203(a).

## IV.   PARTIES

11.   Plaintiff Gwendolyn McKinsey ("Plaintiff" or "McKinsey") is an individual residing in New Britain, Connecticut.  At all times relevant to this Complaint, McKinsey was an "employee" of Defendants as that term is defined in the FLSA and the CMWA.

12.   Defendant New Day is a domestic corporation, headquartered in Windsor, Connecticut, and is a company engaged in the provision of homecare and companionship services.

13.   Defendant Creative Living is a domestic limited liability company, headquartered at the same Windsor address as New Day Home Care, Inc., and is a company engaged in the provision of homecare and companionship services.

14.   New Day and Creative Living are sufficiently associated with respect to the employment of McKinsey and the putative class such that they are joint employers; there is an arrangement between them to share the employee's services; or one entity acts directly or indirectly in the interest of the other employer in relation to their employees; or they share control of their employees, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

15.   Defendant Clement Pownall is an individual residing in Windsor, Connecticut; he is the owner, President, and Director of New Day Home Care, Inc.; he is the owner and sole member of Creative Living Community Care, LLC.

16.   Defendant Clement Pownall at all times hereto acted directly as, or on behalf of, or in the interest of Defendants New Day and Creative Living in relation to

3

McKinsey and the putative class; he also acted directly or indirectly in the interests of New Day and Creative Living in relation to McKinsey and the putative class; he is the ultimate authority with respect to scheduling of hours and payment of wages for Defendants New Day and Creative Living.

17.　Defendant Grace Pownall is an individual residing with her husband, Clement Pownall in Windsor, Connecticut; she is an owner and the Secretary of New Day Home Care, Inc.

18.　Defendant Grace Pownall at all times hereto acted directly as, or on behalf of, or in the interest of Defendants New Day and Creative Living in relation to McKinsey and the putative class; she also acted directly or indirectly in the interests of New Day and Creative Living in relation to McKinsey and the putative class.

### V.　FACTUAL BACKGROUND

19.　Defendants New Day Home Care and Creative Living Community Care, LLC provide homecare and companionship services "to keep [their] consumers independent in the community and in comfort of their own home and out of nursing home and other care facility."[2]

20.　Defendants New Day and Creative Living share common ownership, consumers, employees, forms, headquarters, address, resources, business functions (such as advertising, accounting and human resources), and leadership.

---

[2] https://www.newdayhomecare.com/ (last accessed 9/24/21)

4

21. Defendants New Day and Creative Living provided services to approximately 15-20 consumers during the period of this claim, and typically employed 5-7 companionship and / or homecare employees per consumer.

22. Defendants New Day and Creative Living both assign work hours to the same employees to work for the same consumers during the same weeks, but divide the hours worked among the two entities.

23. On or about August 26, 2019, Defendant New Day hired McKinsey to provide care and companion services to its consumers.

24. Defendant New Day hired McKinsey as an Independent Living Support Trainer ("ILST") to provide care-related services.

25. Defendant New Day paid McKinsey to work as an ILST at rate of $15.50, but also paid her to work as a Companion at a rate of $11.50; during the pandemic, Defendants sometimes paid hazard pay of an additional $1 per hour.

26. Defendants New Day and Creative Living would at times divide McKinsey's hours between the two entities for work performed during the same week for the same consumer.

27. For instance, for the two-week period ending May 9, 2020:

   a. Defendant New Day scheduled McKinsey to perform 64 hours of care or companion services.

   b. For that same period, Defendant Creative Living scheduled McKinsey to work 149.5 hours to provide care or companion services at the same residence for the same consumer.

    c. In the two-week period, McKinsey worked a total of 213.5 hours for New Day and Creative living.

    d. Defendant New Day issued McKinsey a paycheck which paid her at her regular rate for the 64 hours she worked during the two-week period.

    e. Defendant Creative Living issued McKinsey a paycheck which paid her at her regular rate for the 149.5 hours she worked during the two-week period.

    f. At least 133.5 of the 213.5 total hours, if not more, should have been paid at her overtime rate.

    g. Defendants New Day and Creative Living did not pay an overtime rate for any of the hours McKinsey or the class worked, even when they worked more than 40 hours in a week.

## VI.   CLASS AND COLLECTIVE ALLEGATIONS

### a. The FLSA Collective

28.   Plaintiff Gwendolyn McKinsey ("Plaintiff") brings this action on behalf of herself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants as described herein.

29.   In addition, and in the alternative, Plaintiff brings this action in her individual and personal capacities, separate and apart from the class claims set forth herein.

30.   The FLSA class is defined as follows:

> All current and former employees of Defendants who were employed to provide care and / or companionship services to Defendants' consumers from September 24, 2018, through the date of final judgment in this matter.

31.     Plaintiff sues on behalf of herself and those members of the FLSA class who

        have filed or will file with the Court their consents to sue.  This is an appropriate

        collective or representative action under 29 U.S.C. § 216(b), sometimes referred

        to as an "opt-in class action," in that Plaintiff and the members of the putative

        class are similarly situated.

32.     Defendants have engaged in a widespread pattern and practice of violating the

        provisions of the FLSA by failing to pay Plaintiff, and other similarly situated

        employees and former employees in accordance with the provisions of the FLSA.

                **b.  The Connecticut Rule 23 Class**

33.     Plaintiff also sues on behalf of herself and all other members of the Connecticut

        class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.     The Connecticut Rule 23 Class is defined as follows:

                All current and former employees of Defendants who were employed to
                provide care and / or companionship services to Defendants' consumers
                from September 24, 2019, through the date of final judgment in this
                matter.

35.     Class certification for these Connecticut law claims is appropriate under Rule

        23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

36.     The class is so numerous that joinder of all members is impracticable.  On

        information and belief, there have been more than fifty (50) companion and / or

        care workers employed by Defendants in Connecticut during the period of the

        claim.

37.     There are questions of law and fact common to the class, including whether the

        putative class members worked hours for which they were not paid overtime

compensation in violation of Connecticut law, and whether Defendants' conduct was willful.

38.    The claims of Plaintiff are typical of those of the class members.  The claims of Plaintiff encompass the challenged practices and course of conduct of Defendants.  Furthermore, the claims of Plaintiff are based on the same legal theories as the claims of the putative class members. The legal issues as to Defendants' alleged violations of the Connecticut overtime laws applies equally to Plaintiff and to the class.

39.    Plaintiff will fairly and adequately protect the interests of the class.  The claims of Plaintiff are not antagonistic to those of the putative class, and she has hired counsel skilled in the prosecution of class actions.

40.    Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## VII.    COUNT ONE - VIOLATION OF FLSA, 29 U.S.C. §207

41.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the overtime requirements of the FLSA by failing or refusing to pay the Plaintiff and the putative class overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff and the putative class to suffer damages

as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. §216(b) including back wages, liquidated damages, attorneys' fees and court costs.

## VIII.   COUNT TWO - VIOLATION OF THE CONNECTICUT WAGE ACT

42.    The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the overtime requirements of Connecticut state law by failing or refusing to pay the Plaintiff and the putative class overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff and the putative class to suffer damages as aforesaid, for which they are entitled to relief pursuant to Conn. Gen. Stat. § 31-68(a)(1)-(2) and/or other applicable law.

## IX.   PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.    a declaratory judgment declaring that the Defendants willfully violated the wage and overtime payment requirements under the FLSA and CWA in the manner complained of herein;

2.    in the alternative, a declaratory judgment declaring that the Defendants violated the wage and overtime payment requirements under the FLSA and CWA in the manner complained of herein;

3.    an order enjoining and permanently restraining the Defendants from violating the FLSA and CWA;

4.    award the Plaintiff and the putative class back pay, including incremental increases and other benefits, plus prejudgment interest thereon;

5.    award the Plaintiff and the putative class punitive damages;

9

6.      award the Plaintiff and the putative class liquidated damages pursuant to 29 U.S.C. §216(b);

7.      award the Plaintiff and the putative class interest, reasonable attorney's fees, and costs;

8.      award the Plaintiff and the putative class other appropriate equitable relief pursuant to 29 U.S.C. §216(b); and

9.      grant such other and further relief as this Court deems just and proper.

## X.    DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all counts so triable.

Plaintiff, Gwendolyn McKinsey

By: _____

Michael Petela (ct28251)
Richard Hayber (ct11629)
Hayber, McKenna & Dinsmore, LLC
900 Chapel St, 11th Floor
New Haven, CT 06510
Tel: (203) 691-6491
Fax: (860) 218-9555
mpetela@hayberlawfirm.com
rhayber@hayberlawfirm.com
Attorneys for Plaintiff