UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GWENDOLYN MCKINSEY, on behalf of herself and others similarly situated<br>        Plaintiff,<br><br>v.<br><br>NEW DAY HOME CARE, INC., CREATIVE LIVING COMMUNITY CARE, LLC, CLEMENT POWNALL, AND GRACE POWNALL<br>        Defendants. | CIVIL ACTION NO.:<br><br>3:21-cv-01284-MEG<br><br><br><br><br><br>May 10, 2023 |

ORDER GRANTING FINAL APPROVAL TO A
FLSA COLLECTIVE AND RULE 23 CLASS ACTION SETTLEMENT

Before the Court is the Plaintiffs' Unopposed Motion for Order Granting Final Approval to a FLSA Collective and Rule 23 Class Action Settlement and the pertinent materials filed with that motion. ECF No. 55. Defendants do not oppose Plaintiffs' motion. For good cause shown, and as more fully explained below, the motion is GRANTED, the agreement is APPROVED, and this Civil Action is DISMISSED WITH PREJUDICE.

By way of background, the parties reached a settlement on November 16, 2022, before Judge Donna Martinez. ECF No. 38. Through counsel, all parties consented to the undersigned Magistrate Judge issuing a final (rather than a recommended) ruling on their joint motion for approval of their settlement agreement.

Participating Plaintiffs, the Rule 23 Class and FLSA Collective members, were employed by Defendants as home healthcare workers. The settlement of this action relates to claims for the payment of overtime or calculation of overtime wages, and other claims related to the nonpayment or underpayment of wages under federal, state, local or common laws for the period from September 24, 2018 through April 1, 2022.

The Court preliminarily approved the settlement agreement that is the subject of this

motion (the "Agreement") by order entered on February 16, 2023 (the "FLSA Collective and Rule 23 Class Action Settlement Preliminary Approval Order"). A copy of the Agreement was attached to the Parties' memorandum in support of joint motion for preliminary approval as an exhibit, and it is incorporated in this Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

On May 9, 2023, the Court conducted a Fairness Hearing to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. At the hearing, the Court and the parties discussed the arm's length negotiations between experienced counsel achieved with the assistance of Judge Martinez resulting in a settlement, the settlement payment and distribution, attorneys' fees, the release of claims, the service payment to the class representative Gwendolyn McKinsey, and the notice of the proposed settlement agreement and fairness hearing. Counsel also described the process by which notice was given to the proposed class members and noted that one individual, Carol Williams requested to be excluded from the settlement agreement and that there were no objections to the settlement agreement.

Based on counsel's comments at the hearing and on the statements contained in the joint memorandum of law; and considering, inter alia, the factors outlined in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the Court finds that the settlement agreement represents a fair and reasonable resolution of a *bona fide* dispute over unpaid overtime or calculation of overtime wages, and other claims related to the nonpayment or underpayment of wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. The Court finds that the scope of the release in the settlement agreement is narrowly tailored and that the attorney's fees provision of the settlement agreement is reasonable.

It is further Ordered:

1. **Final Certification of the Rule 23 Class**. For the purposes of settlement, the Court finds that the proposed Rule 23 Class, as defined in the settlement agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies the following proposed Rule 23 Class and FLSA Collective:

> All individuals employed by Defendants who worked as home healthcare workers and have claims for unpaid overtime between September 24, 2018 and April 1, 2022.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Rule 23 Class and FLSA Collective Members, which is attached to the Agreement as Exhibit A.

2. **Class Representatives**. For the purposes of settlement, the Court approves Named Plaintiff, Gwendolyn McKinsey, as the Class Representative.

3. **Class Counsel**. For the purposes of Settlement, the Court appoints as Class Counsel for the Rule 23 Class and FLSA Collective Michael Petela of Hayber, McKenna & Dinsmore, LLC, 472 Wheelers Farm Road, Milford, CT 06461.

4. **Approval of the Agreement**. The Court approves the Settlement Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class and FLSA Collective Members. The Settlement Agreement is fair, just, reasonable and adequate to, and in the best

interest of, the Rule 23 Class and FLSA Collective members. It achieves a definite and certain result for the benefit of the Rule 23 Class and FLSA Collective that is preferable to continuing litigation in which the Rule 23 Class and FLSA Collective Members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Rule 23 Class and FLSA Collective Members excepting only those individuals, if any, who excluded themselves from the Class in accordance with the terms of the Agreement.

5. **Notice to the Class**. The Court determines that notice was given as required by the Rule 23 Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Rule 23 Class Members with fair and adequate notice of the terms of the Agreement and the Fairness Hearing, and of their right to exclude themselves from the class or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. **The Court finds that the Agreement**: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of the claims of the Named Plaintiff, the FLSA Collective and the Rule 23 Class members; and (c) demonstrates a good faith intention by the Parties that these claims be fully and finally resolved, not subject to

appellate review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement, including its release of claims.

7. By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiff and all Participating FLSA Collective and Rule 23 Class Members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendants and all Released Parties from any and all Released Claims. The Named Plaintiff and the Participating FLSA Collective and Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendants or any of the Released Parties that involve or assert any of the Released Claims.

8. The Agreement shall be administered in accordance with its terms and the $170,000.00 Total Settlement Amount will be distributed as follows:

   a. The amount of one-hundred one-thousand eight-hundred four dollars and fifty-four cents ($101,804.54) will be allocated to the class, exclusive of service payments to the Named Plaintiff.

   b. Unclaimed amounts from the $101,804.54 sent to the class will be allocated to Connecticut Legal Services.

   c. The amount of eight-thousand five-hundred dollars ($8,500.00) will be allocated as a service payment and incentive award to the Named Plaintiff.

   d. The amount of $56,666.66 will be allocated to reasonable attorney fees.

    e.    The amount of $3,028.80 will be allocated to repayment of reasonable litigation expenses advanced in litigation.

9.    Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

10.    The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

11.    This Civil Action is DISMISSED with PREJUDICE.

So ordered at New Haven, Connecticut.

                                  */S/ Maria E. Garcia, USMJ*

                                  Maria E. Garcia
                                  United States Magistrate Judge